```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY

                                       :
DENNIS PRYOR,                          :
                                       :     Hon. Jerome B. Simandle
                Petitioner,            :
                                       :     Civil Action No. 12-1427 (JBS)
         v.                            :
                                       :
MEG YATAURO, et al.,                   :
                                       :     OPINION
                Respondents.           :
                                       :
```

**APPEARANCES**:

    DENNIS PRYOR, #10127A
    Adult Diagnostic and Treatment Center
    8 Production Way - 2 Wing
    Avenel, New Jersey  07001
    Petitioner Pro Se

**SIMANDLE**, District Judge:

Dennis Pryor filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey, Salem County, on May 3, 1984.  For the reasons expressed below, and because the Petition, as drafted and read in light of the state court decisions which are available electronically, shows that the claims are time barred, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

However, because this Court cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not set forth in Petitioner's submissions), and he might wish to raise these grounds to show timeliness of his Petition, this Court will

grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely.  This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

## I.   BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Salem County, on May 3, 1984, after a jury found him guilty of second-degree burglary, third-degree possession of a weapon for an unlawful purpose, and first-degree aggravated sexual assault.  The Law Division imposed an aggregate sentence of life imprisonment with 25 years of parole ineligibility. See State v. Pryor, 2010 WL 5173811 *1 (N.J. Super., App. Div., Dec. 22, 2010).  Petitioner appealed, and on November 19, 1986, the New Jersey Superior Court, Appellate Division, affirmed the conviction and the terms of the sentences, except directed the trial court to re-sentence Petitioner to the ADTC, pending the special classification committee determining that he could no longer benefit from sex offender treatment, in which case, he should be returned to state

prison.  Id.  The New Jersey Supreme Court denied certification on February 6, 1987.  State v. Pryor, 107 N.J. 96 (1987) (table).

In September 1990, Pryor filed a pro se PCR petition challenging his extended term sentence.  See Pryor, 2010 WL 5173811 at *1.  The Law Division denied relief, and on May 25, 1993, the Appellate Division affirmed.  Id.  The New Jersey Supreme Court denied certification on September 10, 1993.  See State v. Pryor, 134 N.J. 483 (1993) (table).

On September 9, 2008, Pryor filed a second pro se PCR, seeking again to vacate the extended term.  See Pryor, 2010 WL 5173811 at *1.  By order filed June 24, 2009, the Law Division denied relief without an evidentiary hearing.  Id.  Pryor appealed, and on December 22, 2010, the Appellate Division affirmed.  Id. at *2.

Petitioner executed the § 2254 Petition, which is presently before this Court, on March 1, 2012.  The Clerk accepted it for filing on March 2, 2012.  The Petition raises four grounds:

> Ground One:  SIXTH AMENDMENT (RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.)
>
> Supporting Facts:  Ineffective assistance of Counsel, both trial and appellate. Petitioner established a prima facie case when he proved that the judge considered cases from a too remote period, under and old law, to be used during trial; counsel failed to object to using persistent offender statute when the alleged aberrant behavior was due to what is now considered a mental abnormality, and cannot be held against him in a court of law.

3

>Ground Two: SUBSTANTIVE DUE PROCESS, (14TH AMENDMENT, U.S. CONSTITUTION); CRUEL AND UNUSUAL PUNISHMENT, (8th AMENDMENT, U.S. CONSTITUTION)
>
>Supporting Facts: Defendant received an illegal sentence contrary to both the prior Administration of Civil and Criminal Justice, N.J.S.A. 2A, and the Code of Criminal Justice, passed by the State Legislature in 1979, known as N.J.S.A. 2C. The sentence does not conform to either code due to the fact that factors were used to determine a sentence that were already inherent in the charging of the crime itself, thereby double-counting many of the factors.
>
>Ground Three: PROCEDURAL DUE PROCESS: (14th AMENDMENT TO THE U.S. CONSTITUTION)
>
>Supporting Facts: Defendant/Petitioner was not given an evidentiary hearing after establishing a prima facie case of ineffective assistance of counsel on both the parts of trial counsel and appellate counsel. It is established that an attorney must fully investigate any claims a defendant makes in order to protect his rights against constitutional violations, and effective counsel should conduct a full investigation of all facts relating to the crime(s) charged against him. This was not done, and is borne out by the trial transcripts.
>
>Ground Four: PROCEDURAL DUE PROCESS: (14th AMENDMENT TO THE U.S. CONSTITUTION)
>
>Supporting Facts: The trial court failed to recognize or acknowledge the mitigating factors inherent in its own presentence report as submitted by the probation department and did not take into account these mitigating factors or the impact they had on petitioner's case and sentence.

(Dkt. 1 at 5, 6, 8, 9.)

## II. DISCUSSION

A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

5

B.  Statute of Limitations

Prior to substantively examining the Petition or ordering an answer, this Court will determine whether the Petition and relevant state court decisions, show that the Petition is time barred.  See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became
> final by the conclusion of direct review or
> the expiration of the time for seeking such
> review;

>   (B) the date on which the impediment to
>   filing an application created by State action
>   in violation of the Constitution or laws of
>   the United States is removed, if the
>   applicant was prevented from filing by such
>   State action;
>
>   (C) the date on which the constitutional
>   right asserted was initially recognized by
>   the Supreme Court, if the right has been
>   newly recognized by the Supreme Court and
>   made retroactively applicable to cases on
>   collateral review; or
>
>   (D) the date on which the factual predicate
>   of the claim or claims presented could have
>   been discovered through the exercise of due
>   diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v.

Bennett, 531 U.S. 4, 8 (2000) (citations omitted). As the Supreme Court explained,

> an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)).

A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 332 (2007).

The AEDPA statute of limitations is also subject to equitable tolling. See Holland, 130 S. Ct. at 2560; Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008); Miller, 145 F.3d at

8

618. "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'" Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case. Rather, the particular circumstances of each petitioner must be taken into account." Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011).

Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).[1] "[A] garden variety

---

[1] For example, "inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling." Pabon at *13. In Brinson v. Vaughn,
(continued...)

claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling," Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted), but "an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the behavior is egregious. Id. at 2562, 2564; see also Nara v. Frank, 264 F. 3d 310, 320 (3d Cir. 2001) (ordering evidentiary hearing as to whether petitioner who was "effectively abandoned" by lawyer merited tolling).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' . . . not 'maximum feasible diligence.'" Holland, 130 S. Ct. at 2565 (internal citations omitted). However, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

---

[1](...continued)
398 F. 3d 225, 230 (3d Cir. 2005), the Court of Appeals held that an extraordinary circumstance exists "where a court has misled a party regarding the steps that the party needs to take to preserve a claim."

In this case, the applicable limitations provision is § 2244(d)(1)(A). Pryor's judgment of conviction became final on May 8, 1987, when the time to file a petition for certiorari expired. See 28 U.S.C. § 2244(d)(1)(A); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011). Because Pryor's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired 365 days later on April 23, 1997. Id.

There was no statutory tolling during the 365-day period ending April 23, 1997, because the New Jersey Supreme Court denied certification on Pryor's first PCR petition on September 10, 1993 (before the year started), and Pryor did not file his second PCR petition until September 9, 2008 (after the year ended).

As to equitable tolling, the Petition itself asks the petitioner to explain why the Petition is not time barred under 28 U.S.C. § 2244(d), and includes the text of § 2244(d); Pryor provided no explanation for the late filing, except the words "**NOT BARRED**." (Dkt. 1 at 11.) As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid
> justification, to assert these claims in his

11

> . . . petition.  Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal.  And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court.  Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

In this case, nothing in Petitioner's submissions insinuates that the statute of limitations is governed by a provision other than § 2244(d)(1)(A), that Pryor was prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable diligence in pursuing his rights.  Under these circumstances, equitable tolling of the statute of limitations does not appear to be warranted.  And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, see Day, 547 U.S. at 210, this Court will dismiss the Petition as time barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition, or that he may be able to argue that the limitations period is governed by § 2244(d)(1)(B), (C) or (D).  See Day, 547 U.S. at 210 (before acting on timeliness of petition, court must accord Petitioner fair notice and an opportunity to present his position).  This

Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments, or otherwise presents an argument that the Petition is not untimely.[2]  This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.  See Wanger v. Hayman, Docket No. 09-6307 (SRC) order dismissing pet. (D.N.J. Jan. 3, 2011), COA denied, C.A. No. 11-1375 (3d Cir. May 26, 2011); Tozer v. Powers, Docket No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a

---

[2] Petitioner's tolling argument must account for the time between April 24, 1997 (when the 365-day grace period expired), and September 9, 2008 (when Petitioner filed his second state PCR petition and statutory tolling presumably came into play, if the PCR was "properly filed").  Moreover, because Petitioner did not execute his § 2254 Petition until March 1, 2012, which is 435 days after the Appellate Division affirmed the order denying his second PCR petition (on December 22, 2010), and statutory tolling presumably ended, Petitioner must also account for this 435-day period.

constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.


                                    s/ Jerome B. Simandle
                                    **JEROME B. SIMANDLE**
                                    Chief Judge


DATED:   **March 27** , **2012**

14