**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
                                    :
DENNIS PRYOR,                       :
                                    :    Hon. Jerome B. Simandle
               Petitioner,          :
                                    :    Civil Action No. 12-1427 (JBS)
          v.                        :
                                    :
MEG YATAURO, et al.,                :
                                    :    OPINION
               Respondents.         :
                                    :
```

**APPEARANCES:**

    DENNIS PRYOR, #10127A
    Adult Diagnostic and Treatment Center
    8 Production Way - 2 Wing
    Avenel, New Jersey  07001
    Petitioner Pro Se

**SIMANDLE**, Chief Judge:

    Dennis Pryor filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey on May 3, 1984.  On March 28, 2012, this Court dismissed the Petition as untimely, denied a certificate of appealability, permitted Petitioner to file a statement showing that the Petition is not time barred, and terminated the case, subject to reopening.  On April 24, 2012, Petitioner filed a motion to reopen.  For the reasons expressed below, this Court will reopen the case, vacate the Order of dismissal, reconsider whether the Petition is time barred, again dismiss the Petition as untimely, and deny a certificate of appealability.

## I.   BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Salem County, on May 3, 1984, after a jury found him guilty of second-degree burglary, third-degree possession of a weapon for an unlawful purpose, and first-degree aggravated sexual assault.  The Law Division imposed an aggregate sentence of life imprisonment with 25 years of parole ineligibility.  See State v. Pryor, 2010 WL 5173811 *1 (N.J. Super., App. Div., Dec. 22, 2010).  Petitioner appealed, and on November 19, 1986, the New Jersey Superior Court, Appellate Division, affirmed the conviction and the terms of the sentences, except directed the trial court to re-sentence Petitioner to the ADTC, pending the special classification committee determining that he could no longer benefit from sex offender treatment, in which case, he should be returned to state prison.  Id.  The New Jersey Supreme Court denied certification on February 6, 1987.  State v. Pryor, 107 N.J. 96 (1987) (table).

In September 1990, Pryor filed a pro se PCR petition challenging his extended term sentence.  See Pryor, 2010 WL 5173811 at *1.  The Law Division denied relief, and on May 25, 1993, the Appellate Division affirmed.  Id.  The New Jersey Supreme Court denied certification on September 10, 1993.  See State v. Pryor, 134 N.J. 483 (1993) (table).

On September 9, 2008, Pryor filed a second pro se PCR, seeking again to vacate the extended term. See Pryor, 2010 WL 5173811 at *1. By order filed June 24, 2009, the Law Division denied relief without an evidentiary hearing. Id. Pryor appealed, and on December 22, 2010, the Appellate Division affirmed. Id. at *2. The New Jersey Supreme Court denied certification in February 2012. (Dkt. 4 at 2.)

Petitioner executed the § 2254 Petition, which is presently before this Court, on March 1, 2012. The Clerk accepted it for filing on March 2, 2012. The Petition raises four grounds:

> Ground One: SIXTH AMENDMENT (RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.)
>
> Supporting Facts: Ineffective assistance of Counsel, both trial and appellate. Petitioner established a prima facie case when he proved that the judge considered cases from a too remote period, under and old law, to be used during trial; counsel failed to object to using persistent offender statute when the alleged aberrant behavior was due to what is now considered a mental abnormality, and cannot be held against him in a court of law.
>
> Ground Two: SUBSTANTIVE DUE PROCESS, (14TH AMENDMENT, U.S. CONSTITUTION); CRUEL AND UNUSUAL PUNISHMENT, (8th AMENDMENT, U.S. CONSTITUTION)
>
> Supporting Facts: Defendant received an illegal sentence contrary to both the prior Administration of Civil and Criminal Justice, N.J.S.A. 2A, and the Code of Criminal Justice, passed by the State Legislature in 1979, known as N.J.S.A. 2C. The sentence does not conform to either code due to the fact that factors were used to determine a

>   sentence that were already inherent in the charging of the crime itself, thereby double-counting many of the factors.
>
>   Ground Three: PROCEDURAL DUE PROCESS: (14th AMENDMENT TO THE U.S. CONSTITUTION)
>
>   Supporting Facts: Defendant/Petitioner was not given an evidentiary hearing after establishing a prima facie case of ineffective assistance of counsel on both the parts of trial counsel and appellate counsel. It is established that an attorney must fully investigate any claims a defendant makes in order to protect his rights against constitutional violations, and effective counsel should conduct a full investigation of all facts relating to the crime(s) charged against him. This was not done, and is borne out by the trial transcripts.
>
>   Ground Four: PROCEDURAL DUE PROCESS: (14th AMENDMENT TO THE U.S. CONSTITUTION)
>
>   Supporting Facts: The trial court failed to recognize or acknowledge the mitigating factors inherent in its own presentence report as submitted by the probation department and did not take into account these mitigating factors or the impact they had on petitioner's case and sentence.

(Dkt. 1 at 5, 6, 8, 9.)

On March 27, 2012, this Court dismissed the Petition as untimely. This Court reasoned:

>   [T]he applicable limitations provision is § 2244(d)(1)(A). Pryor's judgment of conviction became final on May 8, 1987, when the time to file a petition for certiorari expired. See 28 U.S.C. § 2244(d)(1)(A); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011). Because Pryor's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns

> v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired 365 days later on April 23, 1997. Id.
>
> There was no statutory tolling during the 365-day period ending April 23, 1997, because the New Jersey Supreme Court denied certification on Pryor's first PCR petition on September 10, 1993 (before the year started), and Pryor did not file his second PCR petition until September 9, 2008 (after the year ended).
>
> As to equitable tolling, the Petition itself asks the petitioner to explain why the Petition is not time barred under 28 U.S.C. § 2244(d), and includes the text of § 2244(d); Pryor provided no explanation for the late filing, except the words "**NOT BARRED**." (Dkt. 1 at 11.) . . . .
>
> [N]othing in Petitioner's submissions insinuates that the statute of limitations is governed by a provision other than § 2244(d)(1)(A), that Pryor was prevented from asserting his claims by extraordinary circumstances, or that he exercised reasonable diligence in pursuing his rights. Under these circumstances, equitable tolling of the statute of limitations does not appear to be warranted. And because nothing indicates that the interests of justice would be better served by addressing the merits of the Petition, see Day, 547 U.S. at 210, this Court will dismiss the Petition as time barred.

(Dkt. 3 at 10-11.)

However, because this Court could not rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling, or that he might wish to argue that the Petition is not time barred, this Court granted Petitioner 30 days to file a written statement setting forth tolling arguments, or otherwise arguing that the Petition is timely. This Court noted in a footnote that Petitioner's

5

argument "must account for the time between April 24, 1997 (when the 365-day grace period expired), and September 9, 2008 (when Petitioner filed his second state PCR petition and statutory tolling presumably came into play, if the PCR was "properly filed")."[1]  (Dkt. 2 at 13 n.2.)

On April 24, 2012, the Clerk docketed Petitioner's "REBUTTAL OF DISMISSAL," together with a motion to reopen.  At this time, this Court will reopen the file, vacate the dismissal of the Petition, and determine the timeliness of the Petition.

## II.  DISCUSSION

A.  Statute of Limitations

The limitations period runs from the **latest of**

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

---

[1] This Court also directed Pryor to account for the 435 days between the Appellate Division's opinion on December 22, 2010, and March 1, 2012, the date he executed the Petition.  However, because Petitioner has advised this Court that the New Jersey Supreme Court denied certification in February 2012, he need only account for the additional time between that date and March 1, 2012.

> newly recognized by the Supreme Court and
> made retroactively applicable to cases on
> collateral review; or
>
> (D) the date on which the factual predicate
> of the claim or claims presented could have
> been discovered through the exercise of due
> diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, Pryor argues that the statute of limitations does not apply to him because he was convicted in 1984, 12 years before Congress enacted the AEDPA, and that applying § 2244(d) to him would be unconstitutional.  These arguments were rejected by the Third Circuit in Burns v. Morton, 134 F.3d 109 (3d Cir. 1998).  In that case, Burns's conviction became final before April 24, 1996, the effective date of the one year statute of limitations in § 2244(d).  Burns handed his § 2254 petition to prison officials for mailing to the district court on April 22, 1997.  The district court dismissed the petition as time barred.  The Third Circuit reversed, finding that the statute of limitations applied to Burns's petition, even though his conviction became final prior to its enactment, but the petition was timely because it was filed within one year of April 24, 1996:

> Section 2244(d) became effective on April 24, 1996,
> when the Antiterrorism and Effective Death Penalty Act
> of 1996 was signed into law . . . .  Several other
> courts of appeals have held that applying § 2244(d) [to
> bar petitions by petitioners whose convictions became
> final prior to April 24, 1996], would impermissibly
> attach new legal consequences to events completed

7

> before its enactment . . . . These courts have fashioned a rule that no petition filed on or before April 23, 1997 - one year from the date of AEDPA's enactment - may be dismissed for failure to comply with § 2244(d)(1)'s time limit . . .
>
> We agree that applying § 2244(d)(1) to bar the filing of a habeas petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive . . . . We reject the notion that petitioners whose state court proceedings concluded before April 24, 1996, should be afforded less than one year with notice. Accordingly, we hold that habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit.

Burns, 134 F.3d at 111 (citations and internal quotation marks omitted).

Although the Supreme Court has not squarely decided the issue, the Court recognizes that, in addition to the dates set forth in § 2244(d)(1) through (d)(4), "[a] fifth option supplied uniformly by the courts of appeals gave prisoners whose convictions became final before AEDPA a 1-year grace period running from the new statute's effective date." Johnson v. United States, 544 U.S. 295, 300 (2005).

This Court rejects the notion that the statute of limitations does not apply because Pryor's conviction became final prior to the effective date of the AEDPA. See Burns, 134 F.3d at 111. Under Burns, § 2244(d) applies to Pryor's Petition, and he had a one-year grace period (April 24, 1996, through April 23, 1997) to hand his § 2254 Petition to prison officials for mailing to the Clerk. Unless statutory or equitable tolling is

warranted, Pryor's § 2254 Petition is untimely because he did not hand it to prison officials for mailing before April 25, 1997 (but waited until March 1, 2012). See Douglas v. Horn, 359 F.3d 257, (3d Cir. 2004) (where petitioner's conviction became final prior to April 24, 1996, and tolling is not warranted, § 2254 petition filed beyond one-year grace period ending April 23, 1997, was untimely).

B.  Statutory Tolling

Section 2244(d)(2) of Title 28 requires statutory tolling under the following circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Pryor does not argue that he is entitled to statutory tolling.  Because Pryor did not have any state post-conviction or other collateral review pending at any time from April 24, 1996, through April 23, 1997, statutory tolling is not applicable.

C.  Equitable Tolling

Pryor argues that he is entitled to equitable tolling because he was not aware of the one-year statute of limitations, and there was excusable neglect for his failure to comply with the one-year grace period. Specifically, he states that he "was **NEVER** advised, by anyone, at any time, regarding the 1 year

9

limitation, due to the A.E.D.P.A." and, "[i]f there were not extenuating circumstances (read as Excusable Neglect/Exceptional Circumstances), the New Jersey Superior Court, Law Division, of Salem County, would have disallowed petitioner's second PCR, filed in 2008, 24 years after the initial case was heard in 1984."  (Dkt 4 at 6.)

The AEDPA statute of limitations is subject to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010); Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008).  "A statute of limitations 'can be tolled when principles of equity would make [its] rigid application unfair.'"  Urcinoli, 546 F. 3d at 272 (quoting Shendock v. Dir., Office of Workers' Comp. Programs, 893 F. 2d 1458, 1462 (3d Cir. 1990)).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  "There are no bright lines in determining whether equitable tolling is warranted in a given case.  Rather, the particular circumstances of each petitioner must be taken into account."  Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011).

Extraordinary circumstances have been found where "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Urcinoli, 546 F. 3d at 272 (quoting Satterfield v. Johnson, 434 F. 3d 185, 195 (3d Cir. 2006) (internal quotation marks omitted).

In this case, Petitioner seeks equitable tolling because he did not know of the one-year statute of limitations and because the New Jersey courts allowed him to file his second petition for post-conviction relief 21 years after his conviction became final. However, "a garden variety claim of excusable neglect . . . does not warrant equitable tolling." Holland, 130 S. Ct. at 2564 (citations and internal quotation marks omitted).[2] This Court finds that neither Petitioner's ignorance of the limitations period nor his excusable neglect is an extraordinary circumstance warranting equitable tolling.

Petitioner nevertheless argues that this Court should not dismiss the Petition as time barred because constitutional

---

[2] Compare Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (rejecting the argument that "counsel's mistake in miscalculating the limitations period entitles [a petitioner] to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline") with Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) ("an attorney's failure to satisfy professional standards of care" can warrant equitable tolling where the attorney misconduct is egregious).

violations occurred in his case.  Specifically, he states that counsel didn't do his job properly, the judge "took into account arrests that were never prosecuted, or [were] later dismissed," "many court rules were broken or ignored;" the New Jersey courts have "misinterpreted the application of Strickland/Fritz, and how to use it properly in the defendant's case."  (Dkt. 4 at 2.) After considering these arguments, as well as the grounds raised in the Petition, this Court finds that reaching the merits of the Petition is not in the interest of justice, and will dismiss the Petition as time barred.  See Day, 547 U.S. at 210.

D.  Discretion to Sua Sponte Raise Timeliness

Finally, this Court will consider whether the Supreme Court's recent decision in Wood v. Milyard, 132 S.Ct. 1826 (2012), prevents this Court from sua sponte dismissing the Petition as untimely.  In Day v. McDonough, 547 U.S. 198, 209 (2006), the Supreme Court "h[e]ld that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition."  In Wood, the District Court did not consider timeliness and ruled on the merits after the State had twice informed the District Court that the State "'will not challenge, but [is] not conceding' the timeliness of [the] petition."  Wood, 132 S.Ct. at 1834.  The Tenth Circuit nevertheless sua sponte raised the statute of limitations on appeal and held that the petition was untimely.

12

The Supreme Court found that the Tenth Circuit had abused its discretion: "Although a court of appeals has discretion to address, *sua sponte*, the timeliness of a habeas petition, appellate courts should . . . abstain from entertaining issues that have not been raised and preserved in the court of first instance[, particularly] when the appellate court itself spots an issue the parties did not air below, and therefore would not have anticipated in developing their arguments on appeal." Wood, 132 S.Ct. at 1834.[3]  Citing Day, the Supreme Court nevertheless confirmed that district courts "have the authority - though not the obligation -" to sua sponte consider timeliness, even where the State negligently conceded that the petition was timely, provided the petitioner is accorded a fair opportunity to present his position.  Id.

This Court has the discretion to sua sponte consider the timeliness of the Petition, see Day, 547 U.S. at 209 ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks

---

[3] "When a court of appeals raises a procedural impediment to disposition on the merits, and disposes of the case on that ground, the district court's labor is discounted and the appellate court acts not as a court of review but as one of first view."  Wood, 132 S.Ct. at 1834.

sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte), and Wood v. Milyard does not limit this Court's discretion.  See Abbott v. New Jersey, 2012 WL 3020030 (D.N.J. July 24, 2012) (after Wood v. Milyard, untimely habeas petition may be dismissed sua sponte, provided district court gives petitioner notice and opportunity to respond); Johnston v. Chappell, 2012 WL 2501158 (N.D. Cal. June 27, 2012) (same).

E.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

### III. CONCLUSION

Based on the foregoing, the Court reopens the file, vacates the Order dismissing the Petition, dismisses the Petition as untimely after considering Petitioner's arguments, and denies a certificate of appealability.

       **s/ Jerome B. Simandle**
       **JEROME B. SIMANDLE**
       Chief Judge

DATED:   **July 31**  , **2012**