**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS PRYOR,<br><br>    Petitioner,<br><br>    v.<br><br>MEG YATAURO,<br><br>    Respondent. | Civil Action No. 12-1427 (JBS)<br><br>**OPINION** |

**APPEARANCES**:

    DENNIS PRYOR, #10127A
    Adult Diagnostic & Treatment Center
    8 Production Way
    Avenel, NJ  07001
    Petitioner *Pro Se*

**SIMANDLE, Chief Judge**:

    Dennis Pryor filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction entered in the Superior Court of New Jersey on May 3, 1984.  On March 28, 2012, this Court dismissed the Petition as untimely, denied a certificate of appealability, permitted Petitioner to file a statement showing that the Petition is not time barred, and terminated the case, subject to reopening.  On April 24, 2012, Petitioner filed a motion to reopen.  On July 31, 2012, this Court reopened the case, vacated the Order dismissing the Petition, dismissed the Petition after considering Petitioner's arguments, and reclosed the case.

Presently before this Court is Pryor's motion for reconsideration of the Order of dismissal filed October 31, 2012. For the reasons expressed below, this Court will deny the motion for reconsideration.

## I. BACKGROUND

In the Petition, Pryor challenged a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Salem County, on May 3, 1984, after a jury found him guilty of second-degree burglary, third-degree possession of a weapon for an unlawful purpose, and first-degree aggravated sexual assault, and the Law Division imposed an aggregate sentence of life imprisonment with 25 years of parole ineligibility. See State v. Pryor, 2010 WL 5173811 *1 (N.J. Super., App. Div., Dec. 22, 2010). Pryor appealed, and on November 19, 1986, the New Jersey Superior Court, Appellate Division, affirmed the conviction and the terms of the sentences, except directed the trial court to re-sentence Pryor to the ADTC, pending a determination by the special classification committee that he could no longer benefit from sex offender treatment, in which case, he should be returned to state prison. Id. The New Jersey Supreme Court denied certification on February 6, 1987. State v. Pryor, 107 N.J. 96 (1987) (table).

In September 1990, Pryor filed a pro se PCR petition challenging his extended term sentence. See Pryor, 2010 WL 5173811 at *1. The

2

Law Division denied relief, the Appellate Division affirmed, and the New Jersey Supreme Court denied certification on September 10, 1993. *See State v. Pryor*, 134 N.J. 483 (1993) (table). On September 9, 2008, Pryor filed a second pro se PCR seeking to vacate the extended term. *See Pryor*, 2010 WL 5173811 at *1. The Law Division denied relief, the Appellate Division affirmed, and in February 2012, the New Jersey Supreme Court denied certification.

Pryor executed his § 2254 Petition, and presumably handed it to officials for mailing to the Clerk, on March 1, 2012. The Petition raised four grounds:

> Ground One: SIXTH AMENDMENT (RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.)
>
> Supporting Facts: Ineffective assistance of Counsel, both trial and appellate. Petitioner established a prima facie case when he proved that the judge considered cases from a too remote period, under and old law, to be used during trial; counsel failed to object to using persistent offender statute when the alleged aberrant behavior was due to what is now considered a mental abnormality, and cannot be held against him in a court of law.
>
> Ground Two: SUBSTANTIVE DUE PROCESS, (14TH AMENDMENT, U.S. CONSTITUTION); CRUEL AND UNUSUAL PUNISHMENT, (8th AMENDMENT, U.S. CONSTITUTION)
>
> Supporting Facts: Defendant received an illegal sentence contrary to both the prior Administration of Civil and Criminal Justice, N.J.S.A. 2A, and the Code of Criminal Justice, passed by the State Legislature in 1979, known as N.J.S.A. 2C. The sentence does not conform to either code due to the fact that factors were used to determine a sentence that were already inherent in the charging of the crime itself, thereby double-counting many of the factors.

3

Ground Three: PROCEDURAL DUE PROCESS: (14th AMENDMENT TO THE U.S. CONSTITUTION)

Supporting Facts: Defendant/Petitioner was not given an evidentiary hearing after establishing a prima facie case of ineffective assistance of counsel on both the parts of trial counsel and appellate counsel. It is established that an attorney must fully investigate any claims a defendant makes in order to protect his rights against constitutional violations, and effective counsel should conduct a full investigation of all facts relating to the crime(s) charged against him. This was not done, and is borne out by the trial transcripts.

Ground Four: PROCEDURAL DUE PROCESS: (14th AMENDMENT TO THE U.S. CONSTITUTION)

Supporting Facts: The trial court failed to recognize or acknowledge the mitigating factors inherent in its own presentence report as submitted by the probation department and did not take into account these mitigating factors or the impact they had on petitioner's case and sentence.

(Dkt. 1 at 5, 6, 8, 9.)

On March 27, 2012, this Court dismissed the Petition as untimely. This Court reasoned:

> [T]he applicable limitations provision is § 2244(d)(1)(A). Pryor's judgment of conviction became final on May 8, 1987, when the time to file a petition for certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Wali v. Kholi*, 131 S. Ct. 1278, 1282 (2011). Because Pryor's conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003); *Nara v. Frank*, 264 F.3d 310, 315 (3d Cir. 2001); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired 365 days later on April 23, 1997. *Id.*
>
> There was no statutory tolling during the 365-day period ending April 23, 1997, because the New Jersey Supreme Court

4

> denied certification on Pryor's first PCR petition on
> September 10, 1993 (before the year started), and Pryor
> did not file his second PCR petition until September 9,
> 2008 (after the year ended).
>
> \*          \*          \*
>
> [N]othing in Petitioner's submissions insinuates that the
> statute of limitations is governed by a provision other
> than § 2244(d)(1)(A), that Pryor was prevented from
> asserting his claims by extraordinary circumstances, or
> that he exercised reasonable diligence in pursuing his
> rights. Under these circumstances, equitable tolling of
> the statute of limitations does not appear to be warranted.
> And because nothing indicates that the interests of
> justice would be better served by addressing the merits
> of the Petition, *see Day*, 547 U.S. at 210, this Court will
> dismiss the Petition as time barred.

(ECF No. 3 at 10-11.)

However, this Court granted Pryor 30 days to file a written statement setting forth tolling arguments, or otherwise arguing that the Petition is timely. Pryor filed his response on April 24, 2012. He argued that the statute of limitations did not apply to him because his conviction became final prior to the effective date of the AEDPA; applying § 2244(d) to him would be unconstitutional and unjust; and he was not aware of the statute of limitations so his failure to comply was due to excusable neglect.

Relying on *Burns v. Morton*, 134 F.3d 109 (3d Cir. 1998), this Court rejected the arguments that the statute of limitations did not apply to Pryor's case because his conviction became final prior to the effective date of the AEDPA and that its application was unconstitutional. (ECF No. 5.) This Court further found that

5

neither Pryor's ignorance of the limitations period nor his excusable neglect was an extraordinary circumstance warranting equitable tolling. *See Holland v. Florida*, 130 S.Ct. 2549, 2564 ("[A] garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (citations and internal quotation marks omitted). Finally, this Court rejected the notion that failure to reach the merits would be contrary to the interest of justice. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

In the motion for reconsideration before this Court, Pryor asserts that "he believes [this Court's] decision to be contrary to the law as stated in numerous U.S. Supreme Court decisions, and involves Constitutional issues that must be addressed regarding application and interpretation of, and violations of Amendments Six (6) and Fourteen (14) to the Constitution of the United States." (ECF No. 7 at 3-4.)

## II. STANDARD OF REVIEW

"The scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A proper motion for reconsideration "must rely on one of three grounds: (1)

6

an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013)(quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

### III. DISCUSSION

Pryor raises several arguments in support of his motion for reconsideration. First, he maintains that "Constitutional issues, as asserted by Petitioner are of such a serious nature and violate the federal constitution in such a manner that review is mandatory." (ECF No. 7 at 6.) Second, he contends that this Court "erred in not holding an evidentiary hearing [on] the claim of ineffective assistance of counsel . . ." *Id.* at 7. Third, he argues that, because there is "no record of petitioner ever being remanded to the trial court for resentencing . . , the sentence he now serves [is] an illegal one." *Id.* Fourth, he contends that this Court's "mechanistic application" of law "defeat[s] the true intent of the law." *Id.* at 8. Fifth, he asserts that "[t]his Court must consider the Ex Post Facto considerations of the petitioner's argument, simply because allowing the application of A.E.D.P.A., which was passed in 1996, to affect the filing of meritorious issues in 2012, far exceeds the boundaries placed on these circumstances by case law, precedent, and common law." *Id.* Finally, he argues that, in light of the constitutional prohibition against suspension of the writ, the

statute of limitations should not bar consideration of his Petition "unless it is brought before the several states in the form of an amendment to the United States Constitution . . . . There is **no** record of the A.E.D.P.A. being forwarded to the states for ratification, and consequently, the A.E.D.P.A. is, on the face of it, unconstitutional, and cannot be applied to petitioner's case in any version." *Id.* at 11.

None of Pryor's arguments cites an intervening change in controlling law or new evidence and, after careful consideration, this Court finds that Pryor has not shown a need to correct a clear error of law or prevent manifest injustice. It is well-settled that Pryor's claims are time-barred and that Congress had authority to enact AEDPA in 1996 including its one-year limitations period, which was applied prospectively to permit a petition to review a pre-1996 final conviction so long as it was filed by April 24, 1997. This Court will therefore deny his motion to reconsider the Order dismissing the Petition as time barred. *See Wiest*, 710 F.3d at 128.

## IV. CONCLUSION

Based on the foregoing, this Court denies the motion for reconsideration.

                                        s/ Jerome B. Simandle
                                        **JEROME B. SIMANDLE,** Chief Judge

DATED: **May 20**, 2013